**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

AGUSTIN CANALES, JR.,

      Petitioner,

v.                                     Case No. 8:16-cv-574-T-33AEP

SECRETARY, DEPARTMENT
OF CORRECTIONS,

      Respondent.
_____/

## ORDER

Agustin Canales, Jr., a Florida inmate, filed a *pro se* third amended petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 26.) He challenges his 2011 convictions entered by the Circuit Court for the Tenth Judicial Circuit, in and for Polk County. Respondent filed a response (Doc. 34) and agrees that the petition is timely. Canales filed a reply. (Doc. 33.) Upon consideration, the petition is denied.

## PROCEDURAL HISTORY

Canales was convicted after a jury trial of attempted second degree murder with a firearm (count one), kidnapping with a firearm (count two), aggravated assault with a firearm (count four), and fleeing or attempting to elude (count five). (Doc. 9, Ex. 1, Vol. I, pp. 65-69.) He was sentenced to concurrent prison terms of 30 years on count one, 40 years on count two, five years on count four, and 15 years on count five. (*Id*, pp. 106-15.) Canales entered a plea of nolo contendere to possession of a firearm by a convicted felon (count three) and received a prison sentence of three years. (*Id.*, pp. 126-31.) The state

appellate court affirmed the convictions and sentences in a written opinion. *Canales v. State*, 109 So.3d 1182 (Fla. 2d DCA 2013).

Canales filed a motion and an amended motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Doc. 9, Exs. 6, 8.) The state court summarily denied relief, and the state appellate court *per curiam* affirmed. (Doc. 9, Exs. 9, 12.) Canales also filed a habeas petition under Florida Rule of Appellate Procedure 9.141 alleging ineffective assistance of appellate counsel. (Doc. 9, Exs. 17, 18.) The state appellate court denied his petition. (Doc. 9, Ex. 19.)

## STANDARD OF REVIEW

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding. *Wilcox v. Florida Dep't of Corr.,* 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied,* 531 U.S. 840 (2000). Habeas relief can only be granted if a petitioner is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Section 2254(d), which sets forth a highly deferential standard for federal court review of a state court adjudication, states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *Williams v. Taylor,* 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted this deferential standard:

In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. . . . Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable . . . an unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 694 (2002).  "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). *Accord Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness *per se*, of the state court decision that [the federal court is] to decide."). Canales bears the burden of overcoming by clear and convincing evidence a state court factual determination.  28 U.S.C. § 2254(e)(1).

The purpose of federal review is not to re-try the case.  "The [AEDPA] modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Cone*, 535 U.S. at 693.  The state appellate court rejected Canales's state habeas petition and affirmed the denial of postconviction relief without discussion.  The court's decisions warrant deference under § 2254(d)(1) because "the

summary nature of a state court's decision does not lessen the deference that it is due."

*Wright v. Moore,* 278 F.3d 1245, 1254 (11th Cir.), *reh'g and reh'g en banc denied,* 278 F.3d

1245 (2002). *See also Richter,* 562 U.S. at 99 ("When a federal claim has been presented

to a state court and the state court has denied relief, it may be presumed that the state

court adjudicated the claim on the merits in the absence of any indication or state-law

procedural principles to the contrary.").

### EXHAUSTION OF STATE COURT REMEDIES; PROCEDURAL DEFAULT

A petitioner must exhaust all state court remedies that are available for challenging

his conviction. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckei,* 526 U.S. 838, 842 (1999)

("[T]he state prisoner must give the state courts an opportunity to act on his claims before

he presents those claims to a federal court in a habeas petition."). *See also Henderson v.*

*Campbell,* 353 F.3d 880, 891 (11th Cir. 2003) ("A state prisoner seeking federal habeas

relief cannot raise a federal constitutional claim in federal court unless he first properly

raised the issue in the state courts.") (citations omitted). A state prisoner "'must give the

state courts one full opportunity to resolve any constitutional issues by invoking one

complete round of the State's established appellate review process,' including review by

the state's court of last resort, even if review in that court is discretionary." *Fruitt v. Jones,*

348 F.3d 1355, 1358-59 (11th Cir. 2003) (quoting *O'Sullivan,* 526 U.S. at 845).

To exhaust a claim, a petitioner must make the state court aware of both the legal

and factual bases for his claim. *See Snowden v. Singletary,* 135 F.3d 732, 735 (11th Cir.

1998) ("Exhaustion of state remedies requires that the state prisoner 'fairly presen[t] federal

claims to the state courts in order to give the State the opportunity to pass on and correct

alleged violations of its prisoners' federal rights.'") (quoting *Duncan v. Henry,* 513 U.S. 364,

365 (1995)).  The requirement of exhausting state remedies as a prerequisite to federal review is satisfied if the petitioner "fairly presents" his claim in each appropriate state court and alerts that court to the federal nature of the claim.  28 U.S.C. § 2254(b)(1); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971).  A federal habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." *Pruitt*, 348 F.3d at 1358.

The doctrine of procedural default provides that "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established."  *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001).  To establish cause for a procedural default, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court."  *Wright v. Hopper*, 169 F. 3d 695, 703 (11th Cir. 1999). *See also Murray v. Carrier*, 477 U.S. 478 (1986).  To show prejudice, a petitioner must demonstrate not only that the errors at his trial created the possibility of prejudice but that they worked to his actual and substantial disadvantage and infected the entire trial with error of constitutional dimensions.  *Unitea States v. Frady*, 456 U.S. 152, 170 (1982).  The petitioner must show at least a reasonable probability of a different outcome.  *Henderson*, 353 F.3d at 892; *Crawford v. Heaa*, 311 F.3d 1288, 1327-28 (11th Cir. 2002).

Alternatively, a petitioner may obtain federal habeas review of a procedurally defaulted claim if review is necessary to correct a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Carrier*, 477 U.S. at 495-96.  A

fundamental miscarriage of justice occurs in an extraordinary case where a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Henderson*, 353 F.3d at 892. This exception requires a petitioner's "actual" innocence. *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001). To meet this standard, a petitioner must show a reasonable likelihood of acquittal absent the constitutional error. *Schlup*, 513 U.S. at 327.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Claims of ineffective assistance are analyzed under the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires a showing of deficient performance by counsel and resulting prejudice. *Id.* at 687. To show deficient performance, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88. A court must consider whether, "in light of all the circumstances, the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance." *Id.* at 690. However, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* Additionally, "a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.*

Canales must demonstrate that counsel's alleged error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691-92. To show prejudice, a petitioner must demonstrate "a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Sustaining a claim of ineffective assistance of counsel on federal habeas review is difficult because "[t]he standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Richter*, 562 U.S. at 105 (citations omitted). *See also Cullen v. Pinholster*, 563 U.S. 170, 202 (2011) (a petitioner must overcome the "'doubly deferential' standard of *Strickland* and AEDPA."). If a claim of ineffective assistance of counsel can be resolved through one of the *Strickland* test's two prongs, the other prong need not be considered. 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one.")

## DISCUSSION

### Ground One

Canales alleges that his appellate counsel was ineffective for failing to argue that the trial court erred in denying his motion for judgment of acquittal on the charge of kidnapping with a firearm. Canales raised this claim in his petition alleging ineffective assistance of appellate counsel.

The *Strickland* test applies to claims of ineffective assistance of appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Heath v. Jones*, 941 F.2d 1126, 1130 (11th Cir. 1991). To demonstrate prejudice, Canales must show a reasonable probability that he would have prevailed on appeal but for counsel's deficient performance. *Robbins*, 528 U.S. at 285-86. Appellate counsel cannot be deemed ineffective for failing to raise issues

"reasonably considered to be without merit." *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000) (quoting *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984)).

To establish the offense of kidnapping, the State had to prove beyond a reasonable doubt that Canales (1) forcibly, secretly or by threat confined, abducted, or imprisoned the victim against her will; (2) had no lawful authority; and (3) acted with intent to inflict bodily harm upon the victim or to terrorize the victim or another person. (Doc. 9, Ex. 1, p. 48.) Canales contends that the State's evidence was insufficient to show, under Florida law, that he acted with intent to inflict bodily harm upon or to terrorize the victim.

A motion for judgment of acquittal challenges the sufficiency of the State's evidence. "In moving for a judgment of acquittal, a defendant 'admits not only the facts stated in the evidence adduced, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence.'" *Darling v. State*, 808 So.2d 145, 155 (Fla. 2002) (quoting *Lynch v. State*, 293 So.2d 44, 45 (Fla. 1974)). Accordingly, "[t]he courts should not grant a motion for judgment of acquittal unless the evidence is such that no view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law." *Id.* (quoting *Lynch*, 293 So.2d at 45).

In determining that appellate counsel was not ineffective for failing to challenge the trial court's denial of Canales's motion, the state appellate court concluded that the prosecution presented sufficient evidence of kidnapping under Florida law to overcome the motion for judgment of acquittal. While Canales's ineffective assistance of counsel claim is a federal constitutional claim, when "the validity of the claim that [counsel] failed to assert is clearly a question of state law, . . . we must defer to the state's construction of its own law." *Will v. Sec'y, Dep't of Corr.*, 278 Fed. App'x 902, 908 (11th Cir. 2008) (citations

omitted). *See also Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1354-55 (11th Cir. 2005) ("The Florida Supreme Court already has told us how the issues would have been resolved under Florida state law had [petitioner's counsel] done what [petitioner] argues he should have done . . . It is a 'fundamental principle that state courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters.'") (quoting *Agan v. Vaughn*, 119 F.3d 1538, 1549 (11th Cir. 1997)). As deference must be afforded to the state court's determination of Florida law, Canales cannot show that his appellate counsel was ineffective for failing to argue that the state court erred in denying his motion for judgment of acquittal.

Canales has not shown that the state appellate court's rejection of his claim was contrary to or an unreasonable application of clearly established federal law, or was based on an unreasonable determination of the facts. Accordingly, he is not entitled to relief on Ground One.

**Grounds Two and Seven**

Canales alleges that two law enforcement officers improperly discussed the case in front of the jury. Specifically, he alleges that "while the jury was returning from a recess, the two police officers, in the immediate presence of the jury, were smiling, and one stated, '[Y]a I remember the day this guy shot his girlfriend, and kidnapped her at gunpoint, and forced her into the car. Then he had us chasing him.'" (Doc. 26, p. 7.)

The Sixth Amendment guarantees a criminal defendant the right to confront witnesses against him. *Crawford v. Washington*, 541 U.S. 36 (2004). Canales asserts a violation of this right, contending that the officers "effectively testified to the jury concerning the events" but that he did not have the opportunity to cross-examine them. (Doc. 26, p.

7.)  In claim one of both his original and amended postconviction motions, Canales alleged

a violation of his Sixth Amendment right to a fair and impartial trial as a result of the officers'

alleged comments.   Although he did not expressly argue that his rights under the

Confrontation Clause were violated, he asserted in support of his claim that "the officers

had effectively testified to the jury concerning the events on the day of the offense and

corroborated the opening statement the State had just presented without the defendant

receiving the benefit of confronting them through cross-examination."  (Doc. 9, Ex. 6, p. 14;

Ex. 8, p. 191.)

Assuming that this was sufficient to raise and exhaust his Confrontation Clause

claim, however, Canales's argument is procedurally defaulted.  The state postconviction

court rejected Canales' allegation, finding the claim to be procedurally barred as a matter

that should have been raised on direct appeal.  (Doc. 9, Ex. 9, p. 201.)

If a state court's rejection of a federal constitutional claim on procedural grounds is

based on an "independent and adequate" state ground, federal review of the claim is

barred.  *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001).  *See also Canifl v. Moore*,

269 F.3d 1245, 1247 (11th Cir.2001) ("[C]laims that have been held to be procedurally

defaulted under state law cannot be addressed by federal courts.").   A state court's

procedural ruling constitutes an independent and adequate state rule of decision if (1) the

last state court rendering a judgment in the case clearly and expressly states that it is

relying on a state procedural rule to resolve the federal claim without reaching the merits

of the claim, (2) the state court's decision rests solidly on state law grounds and is not

intertwined with an interpretation of federal law, and (3) the state procedural rule is not

applied in an "arbitrary or unprecedented fashion" or in a "manifestly unfair manner."  *Judd*,

250 F.3d at 1313 (citing *Card v. Dugger*, 911 F.2d 1494 (11th Cir. 1990)).

Canales's Confrontation Clause claim was proper for direct appeal. *See Reaves v. State*, 826 So.2d 932, 936 n.3 (Fla. 2002) ("We deny the following claims as they either were raised or should have been raised on direct appeal . . . whether Reaves was denied his right to confrontation."). Claims that should be raised on direct appeal generally cannot be brought in postconviction proceedings. *See Schoenwetter v. State*, 46 So.3d 535, 561 (Fla. 2010) ("[I]ssues that could have been raised on direct appeal, but were not, are not cognizable through collateral attack.") (quoting *Torres-Arboleda v. Dugger*, 636 So.2d 1321, 1323 (Fla. 1994)).

The state court's rejection of Canales's claim thus rested upon an independent and adequate state procedural bar, and the state appellate court approved the application of the bar by its *per curiam* affirmance. Consequently, Canales's claim is procedurally defaulted and can only be considered if he demonstrates either cause and prejudice or a fundamental miscarriage of justice. *See Harris v. Reed*, 489 U.S. 255, 262 (1989) ("[A]n adequate and independent finding of procedural default will bar federal habeas review of the federal claim, unless the habeas petitioner can show" one of these exceptions). As he does not establish cause and prejudice or a fundamental miscarriage of justice, Canales does not overcome the procedural default of this claim.[1]

---

[1] To the extent Canales may intend to bring a claim alleging a Sixth Amendment violation of his right to a fair trial that is distinct from his Confrontation Clause claim, as raised in claim one of his postconviction motions, he cannot obtain relief. As addressed, the state court found that claim one was procedurally barred as a matter that should have been raised on direct appeal. (Doc. 9, Ex. 9, p. 201.) Because the state court's rejection of the claim was based on an independent and adequate state procedural ground, the claim would be procedurally defaulted for the same reasons addressed with respect to Canales's Confrontation Clause claim. Canales has not established cause and prejudice or a fundamental miscarriage of justice to overcome the default.

Canales further alleges in Grounds Two and Seven that his trial counsel was ineffective in not objecting and moving for a mistrial when the jury was allegedly exposed to the officers' comments. However, his ineffective assistance of trial counsel claim is unexhausted because he did not raise it in his postconviction motions. (Doc. 12, Exs. 6, 8.) Canales cannot return to state court to file a successive, untimely postconviction motion. *See* Fla. R. Crim. P. 3.850(b), (h). Accordingly, his ineffective assistance of trial counsel claim is procedurally defaulted. *See Smith*, 256 F.3d at 1138.

Recognizing the procedural default, Canales asserts that he meets the cause and prejudice exception pursuant to *Martinez v. Ryan*, 566 U.S. 1 (2012). Generally, ineffective assistance of postconviction counsel does not constitute cause to overcome a procedural default. *See Coleman v. Thompson*, 501 U.S. 722, 752-55 (1991). But *Martinez* recognizes a narrow, equitable exception to this rule:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Martinez*, 566 U.S. at 17.[2] A "substantial" claim of ineffective assistance of trial counsel is one that has "some merit." *Id.* at 14. Canales's claim of ineffective assistance of trial counsel is insubstantial because it is unsupported by any evidence. *See id.* at 16 (a claim

---

[2] This exception has been extended to situations in which, even if a state's procedures technically permit a defendant to bring a claim of ineffective assistance of trial counsel on direct appeal, "state procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal." *Trevino v. Thaler*, ___U.S.___, 133 S.Ct. 1911, 1921 (2013). In Florida, "[a]s a general rule, claims of ineffective assistance of counsel are not ordinarily cognizable on direct appeal. The exception is when the error is apparent on the face of the record, which is rarely the case." *Desire v. State*, 928 So.2d 1256, 1257 (Fla. 3d DCA 2006).

that is "wholly without factual support" is "insubstantial."). Canales attached to his first postconviction motion an affidavit of his mother, Esmeralda Stockstill, describing the events. (Doc. 9, Ex. 6, Affidavit.) But Ms. Stockstill's affidavit does not state that she reported the officers' statements to counsel or that counsel was present for or otherwise had any knowledge of the officers' alleged comments. (*Id.*) In fact, counsel's motion for new trial states that he became aware of the alleged improper comments when Ms. Stockstill approached him after the trial and sentencing, and that he "was unaware of the improper contact during the trial and was therefore unable to address the situation with the Court." (Doc. 9, Ex. 10, Vol. 2, pp. 308-09.)

Thus, the record refutes Canales's contention that "[t]rial counsel upon being informed of this information by Ms. Stockstill stated that he would take care of the matter and bring it to the attention of the court to be investigated" but failed to do so. (Doc. 26, p. 25.) As he has presented no evidence that counsel knew of any allegedly improper remarks by the officers while the trial was ongoing, Canales fails to establish that counsel performed deficiently in failing to object or move for a mistrial on the basis of such remarks.

Canales has not established cause and prejudice to overcome the default of his ineffective assistance of trial counsel claim. Nor does he demonstrate a fundamental miscarriage of justice that would overcome the default. Accordingly, his claim is barred from review. Canales is not entitled to relief on Ground Two or Ground Seven.[3]

---

[3] Canales argues in his reply that the state postconviction court erred in not allowing him an opportunity to amend the claims presented in Grounds Two and Four of his federal habeas petition. However, he may not raise a new claim in his reply. *See Herring*, 397 F.3d at 1342 ("As we repeatedly have admonished, '[a]rguments raised for the first time in a reply brief are not properly before a reviewing court.'") (citations omitted). Furthermore, an allegation of error in state postconviction proceedings does not state a claim for federal habeas relief. *See Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1365 (11th Cir. 2009) ("[A] challenge to a state collateral proceeding does not undermine the legality of the detention or

**Ground Five**

Canales asserts that trial counsel was ineffective because he failed to "investigate and call an expert witness to support that Petitioner could not have formed the specific intent crimes he was charged with." (Doc. 26, p. 19.) This claim is unexhausted because Canales did not raise it in his postconviction motion. (Doc. 9, Exs. 6, 8.) As he cannot return to state court to present the claim, it is procedurally defaulted. *See Smith*, 256 F.3d at 1138. Canales's argument that he has demonstrated cause under *Martinez* must fail because he has not presented a substantial claim of ineffective assistance of trial counsel.

Canales asserts in support of his claim that he was "acting irrational at the time, and because of his emotional state of mind, he was unable to form the specific intent to commit the specific intent crimes charged." (Doc. 26, p. 22.) Canales further alleges that "an expert witness was available" and that the expert "would have formed the opinion that Petitioner could not have formed any specific intent at the time the crime occurred due to his emotional state." (*Id.*, pp. 22-23.) He does not, however, identify any expert witness or provide any evidence showing that such a witness would testify as he suggests. This type of speculation cannot support Canales's ineffective assistance claim. *See United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991) ("[E]vidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or on affidavit. A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim.") (footnotes omitted). Accordingly, Canales's claim is too speculative to demonstrate

---

imprisonment–*i.e.*, the conviction itself–and thus habeas relief is not an appropriate remedy.").

ineffective assistance. *See Johnson v. Alabama*, 256 F.3d 1156, 1187 (11th Cir. 2001) ("Johnson offers only speculation that the missing witnesses would have been helpful. This kind of speculation is 'insufficient to carry the burden of a habeas corpus petitioner.'") (quoting *Aldrich v. Wainwright*, 777 F.2d 630, 636 (11th Cir. 1985)); *Tejada v. Dugger,* 941 F.2d 1551, 1559 (11th Cir. 1991) (vague, conclusory, or unsupported allegations cannot support an ineffective assistance of counsel claim).

Canales has not demonstrated a substantial claim of ineffective assistance of counsel as required to establish cause under *Martinez*. Nor does he demonstrate that a fundamental miscarriage of justice has occurred. As Canales has not overcome the procedural default, the claim presented in Ground Five is barred from federal habeas review.

**Ground Three**

Canales's postconviction motion states that trial counsel retained Dr. Robert Moering, who evaluated Canales prior to trial and found him to be competent.[4] Canales alleges that trial counsel was ineffective for failing to bring his mental instability to the trial court's attention and request that the trial court order another competency evaluation.[5] He alleges that counsel should have known he was incompetent because of his mental illnesses, suicide attempts, substance abuse, and head trauma that he suffered as a result of shooting himself in the head during the offenses.

---

[4] The conviction of a mentally incompetent defendant violates due process. *Pate v. Robinson*, 383 U.S. 375 (1966).

[5] *See* Fla. R. Crim. P. 3.210(b) (upon a motion by defense counsel, a trial court may order a criminal defendant to be examined by experts if the court "has reasonable ground to believe that the defendant is not mentally competent to proceed.").

The state court denied his claim, incorporating the State's response to Canales's

motion. The State's response provides:

> Defendant takes [the] position that Trial Counsel hired Robert Moering, Psy. D., to conduct a forensic psychological evaluation on Defendant. Defendant admits that Dr. Moering found Defendant competent. Defendant's mother, Mrs. Stockstill, wanted a second opinion by another psychologist. Trial Counsel chose not to take that path. Defendant now claims that Trial Counsel inappropriately relied on Dr. Moering's evaluation.
> . . .

The standard [for ineffective assistance] is thus:

> To establish ineffective assistance of counsel, the movant must show both counsel's deficient performance and actual prejudice. See generally *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).
> . . .
>
> To satisfy the deficiency prong based on counsel's handling of a competency issue, the postconviction movant must allege specific facts showing that a reasonably competent attorney would have questioned competence to proceed. The standard for competency to proceed is set out in *Dusky v. United States*, 362 U.S. 402, 80 S. Ct. 788, 4 L. Ed. 2d 824 (1960), and codified in Florida Rule of Criminal Procedure 3.211. The question is "whether the defendant has sufficient present ability to consult with counsel with a reasonable degree of rational understanding and whether the defendant has a rational, as well as factual, understanding of the pending proceedings." Fla. R. Crim. P. 3.211(a)(1). Conclusory allegations of incompetency are not enough to warrant an evidentiary hearing. *See Atwater v. State*, 788 So. 2d 223, 229 (Fla. 2001). "[N]ot every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges." *Card v. Singletary*, 981 F.2d 481, 487-88 (11th Cir. 1992). "[N]either low intelligence, mental deficiency, nor bizarre, volatile, and irrational behavior can be equated with mental incompetence to stand trial." *Medina*, 59 F.3d at 1107.
>
> The prejudice standard that applies to a typical claim on ineffective assistance of counsel, whether a reasonable

probability exists that the outcome of the proceeding would differ, is ill-suited to a claim of alleged incompetency. The issue is not whether the outcome of the trial would have differed. . . . The issue is not whether, had counsel acted differently, the Court would have been required to hold a competency hearing under Rule 3.210. The focus of the prejudice inquiry is on actual prejudice, whether, because of counsel's deficient performance, the defendant's substantive due process right not to be tried while incompetent was violated. In order to establish prejudice in a properly raised ineffective assistance of counsel claim, the postconviction movant must, as with a substantive incompetency claim, set forth clear and convincing circumstances that create a real, substantial and legitimate doubt as to the movant's competency.

. . .

[T]rial counsel is strongly presumed to have provided effective assistance. *Strickland*, 466 U.S. at 689; *Johnson v. State*, 921 So.2d 490, 500 (Fla. 2005). Accordingly, a postconviction movant is presumed to have been competent, and the burden is on the movant to show otherwise.

To be entitled to an evidentiary hearing on this type of claim, the movant must set forth clear and convincing circumstances that create a real, substantial and legitimate doubt as to competency. In making this determination, a court may consider the totality of the circumstances, including (1) the nature of the mental illness or defect which forms the basis for the alleged incompetency; (2) whether the movant has a history of mental illness or documentation to support the allegations; (3) whether the movant was receiving treatment for the condition during the relevant period; (4) whether experts have previously or subsequently opined that defendant was incompetent; and (5) whether there is record evidence suggesting that the movant did not meet the *Dusky* standard during the relevant time period.

*Thompson*, 88 So. 3d at 319-320. Here, positive Record refutation exists regarding Defendant's claim, and his claim lacks legal sufficiency under *Thompson* as well. Defendant is not entitled to an evidentiary hearing.

As to the first *Thompson* factor, Defendant's mental illness itself, Defendant claims without supporting documentation of any kind that Defendant has been diagnosed with "chronic depression, chemical imbalance, and bipolar

disorder." He attributes this to Dr. Moering's evaluation. Dr. Moering found Defendant competent and sane at the time of the offense. In *Thompson*, 88 So. 3d at 320, Thompson claimed that he was

> borderline retarded (70 IQ) and had a history of depression, as well as a 20-year history of crack cocaine abuse. As a teenager, appellant was on several occasions admitted to a mental hospital for evaluation of oppositional and rebellious behavior. He had a history of attempted suicide.

Nevertheless, the *Thompson* court found this insufficient to establish the first analytical factor. *See id.* at 320-21.

As to the second *Thompson* factor, the need for history or other documentation, Defendant provides no documentation of his claims. Even if he did, as noted in *Thompson*, 88 So. 3d at 320-21, the history he claims is insufficient to require an evidentiary hearing. Defendant simply has not <u>shown</u> how he was incompetent to proceed below. And as the Court will see, ample record evidence of his competence exists.

As to the third *Thompson* factor, that Defendant was not receiving treatment for his mental condition during the trial, Defendant claimed on the Record, under oath, during his plea and sentencing in Count 3 on November 15, 2011 that he was suffering from <u>no</u> mental illness that would impair his understanding of the plea. He clearly was not under treatment, and he is held to his assertions before the trial judge that he read and understood the plea form. *See Iacono v. State*, 930 So. 2d 829 (Fla. 4th DCA 2006); *see also Polk v. State*, 56 So. 3d 804, 808 (Fla. 2d DCA 2011).

The fourth *Thompson* factor questions whether experts have previously opined that Defendant was incompetent. Dr. Moering specifically found him <u>competent</u>. Trial counsel is not required to second-guess his expert.

The final *Thompson* factor questions whether relevant evidence exists that Defendant did not meet the *Dusky* standard during trial. Defendant has presented nothing to show that, at trial, he did not have "sufficient present ability to consult with counsel with a reasonable degree of rational understanding and whether the defendant has a rational, as well as factual, understanding of the pending proceedings." Fla. R. Crim. P. 3.211(a)(1).

In addition to the *Thompson* analysis, the Record thoroughly refutes Defendant's claim that Trial Counsel should have requested a competency hearing. First, Defendant's motion, as set forth *supra*, shows that Dr. Moering found Defendant competent. Further, the Record shows that Defendant was able to function and understood what was happening

throughout his trial. During trial, Defendant consulted with his counsel regarding the composition of the jury. When the presiding judge queried Defendant about Trial Counsel's legal strategy to concede guilt on some items, Defendant both understood and approved of that strategy. Defendant chose not to testify and laid out his reasons for that. And at the plea hearing for Count 3 following trial, Defendant, under oath, informed the presiding judge that he had read and understood the plea form and was under the influence of no medications. Defendant entered into a full plea colloquy with the Court, and discussed civil commitment of Sexually Violent Predators.

Here, Defendant's claim fails all five *Thompson* factors. For the first, second, fourth, and fifth factors, Defendant's motion lacks legal sufficiency. And as to the third factor, it is positively refuted by the Record. Defendant's second claim should be denied without hearing.

(Doc. 9, Ex. 7, pp. 40-47) (emphasis in original) (footnote and record citations omitted).

Canales has not demonstrated that his counsel was ineffective. As addressed, Canales stated in his postconviction motion that counsel retained Dr. Moering to evaluate Canales, and Dr. Moering found that he was competent. Canales does not establish counsel acted unreasonably in failing to request a second, court-ordered evaluation. *See Strickland*, 466 U.S. at 691 ("[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.").

As the state court noted, Canales does not provide any documentation in support of his claims concerning his mental status or other conditions. Furthermore, the facts he alleges do not establish his incompetency. For instance, his history of mental illness does not demonstrate incompetency. *Medina v. Singletary*, 59 F.3d 1095, 1107 (11th Cir. 1995) ("[N]ot every manifestation of mental illness demonstrates incompetence to stand trial;

rather, the evidence must indicate a present inability to assist counsel or understand the charges.") (quoting *Card v. Singletary*, 981 F.2d 481, 487-88 (11th Cir. 1992)). Additionally, Canales's prior suicide attempt does not mean that he was incompetent. *See Drope v. Missouri*, 420 U.S. 162, 180-81 (a suicide attempt may indicate mental instability, but does not necessarily signal incompetency to stand trial).

Nor does Canales's substance abuse compel the conclusion that he was incompetent to proceed. *See, e.g., Ivanovic v. McNeil*, 2010 WL 520601 at *9 (S.D. Fla. 2010) ("While Ivanovic has provided documentation of his history of mental health disorders and substance abuse, he has nonetheless not demonstrated that psychological factors or a history of substance abuse impaired his ability to enter a knowing and intelligent plea."). Lastly, as noted by the state court, Canales's participation in numerous trial court proceedings supports the conclusion that he was competent. (Doc. 9, Ex. 1, Vol. I, pp. 116-22; Ex. 1, Vol. II, pp. 124, 135; Ex. 1, Vol. III, pp. 325-26; Ex. 1, Vol. IV, p. 399.)

As the state court recognized, the standard for competency to stand trial is whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding–and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960). Canales has not shown, based upon the allegations he presents and in light of Dr. Moering's opinion, that counsel had reason to believe Canales might not have met this standard and therefore should have sought further evaluation.

Canales has not shown that the state court's rejection of his claim resulted in an unreasonable application of *Strickland*, or was based on an unreasonable determination of the facts. Consequently, he is not entitled to relief on Ground Three.

**Grounds Four and Eight**

Canales argues that trial counsel was ineffective because he did not investigate and advance an insanity defense.[6]  In support, he alleges that he had a history of mental illness and was diagnosed with "chronic depression, chemical imbalance, and bi-polar disorder"; that he attempted suicide; that he had a history of substance abuse; and that he was involuntarily committed under Florida's Baker Act.[7]

The state court denied Canales's claim:

> Defendant's own motion on page 3 states that the Defendant was evaluated by a psychiatrist, who found that he "was sane at the time of the offense." This would directly refute the bare and conclusory allegation that because the Defendant had a history of mental illness, trial counsel should have investigated and proffered a defense of insanity. . . . Claim 3 is DENIED.

(Doc. 9, Ex. 9, p. 201).

Canales has not established that counsel was ineffective.  He acknowledged in his postconviction motion that counsel retained Dr. Moering, who opined that Canales was sane at the time of the offenses.  (Doc. 9, Ex. 8, p. 3.)  Canales does not show that counsel should have sought further evaluation.  "[A]n accused is not criminally responsible if, at the time of the alleged crime, the defendant was by reason of mental infirmity, disease, or defect unable to understand the nature and quality of his act or its consequences or was incapable of distinguishing right from wrong."  *Hall v. State*, 568 So.2d 882 (Fla. 1990) (citing *Mines v. State*, 390 So.2d 332 (Fla. 1980)).  Canales fails to establish any indication,

---

[6] Insanity at the time of the commission of an offense is an affirmative defense under Florida law. § 775.027(1), Fla. Stat.

[7] *See Doe v. State*, ___ So.3d ___, 2017 WL 1954981 at *3 (Fla. May 11, 2017) (explaining that "[s]ection 394.467, [Florida Statutes,] also known as the Baker Act, governs the involuntary inpatient placement of persons with mental illness.").

based on his mental health and substance abuse history, that he met the standard for insanity. Considering the lack of any such showing, and in light of Dr. Moering's conclusion, Canales has not established that counsel was ineffective for failing to further investigate or present an insanity defense. He fails to demonstrate that the state court's rejection of his claim was contrary to or an unreasonable application of clearly established federal law or was based on an unreasonable determination of the facts.

In addition to the factors listed above that Canales provides in support of his ineffective assistance claim, his federal habeas petition contains a general assertion that he did not know right from wrong at the time of the offenses, and states that his intoxication at the time rendered him insane. However, he did not present these contentions to the state court. (Doc. 9, Ex. 8, pp. 186-88, 196-98.) Although a federal habeas petitioner is not required to raise a "verbatim restatement of the claims brought in state court," he may not bring a particular factual instance of ineffective assistance of counsel that he did not present to the state court. *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005). If the federal habeas petition alleges different supporting facts for a claim of ineffective assistance, the petitioner has not fairly presented his federal claim to the state court. *See Weeks v. Jones*, 26 F.3d 1030, 1044-46 (11th Cir. 1994) (rejecting petitioner's argument that "the general claim of ineffective assistance in state court preserves for federal review all alleged instances of ineffectiveness, regardless of whether evidence of a particular act was presented to the state court.").

Accordingly, Canales's ineffective assistance of counsel claim is unexhausted to the extent it rests on these newly-presented allegations. Because he cannot return to state court to file a successive, untimely postconviction motion, the claim is procedurally

defaulted. *See Smith*, 256 F.3d at 1138. Canales has not argued or demonstrated that either the cause and prejudice or fundamental miscarriage of justice exception applies to overcome the default.

Alternatively, Canales's allegations are insufficient to establish ineffective assistance of counsel. First, his conclusory and self-serving claim that he did not know right from wrong is offered without any evidence or factual support. Thus, it is too vague and generalized to show that counsel was deficient for failing to further investigate insanity in light of Dr. Moering's evaluation. *See Tejada,* 941 F.2d at 1559*.* Second, while involuntary intoxication may support an insanity defense under Florida law, *see Sluyter v. State*, 941 So.2d 1178 (Fla. 2d DCA 2006), Canales does not assert that his alleged intoxication was involuntary. He simply states that he consumed large quantities of drugs and alcohol. Canales therefore provides no basis upon which counsel should have pursued or presented the defense of insanity. Accordingly, he is not entitled to relief on Ground Four or Ground Eight.

**Ground Six**

Canales asserts that the cumulative effect of counsel's alleged deficiencies prejudiced him. This claim is unexhausted because it was not presented in Canales's postconviction motions. (Doc. 9, Exs. 6, 8.) Since he cannot return to state court to present the claim, it is procedurally defaulted. *See Smith*, 256 F.3d at 1138. Canales argues that he has established cause to overcome the default under *Martinez*. Even assuming that his cumulative error claim constitutes an ineffective assistance of trial counsel claim that is the proper subject of a *Martinez* analysis, however, Canales does not overcome the default. As he has not shown that counsel performed deficiently, Canales

cannot establish any cumulative error. *See Morris v. Sec'y, Dept. of Corr.*, 677 F.3d 1117, 1132 (11th Cir. 2012) (where individual claims of error or prejudice are without merit, "we have nothing to accumulate."); *United States v. Barshov*, 733 F.2d 842, 852 (11th Cir. 1984) ("Without harmful errors, there can be no cumulative effect compelling reversal.") Thus, he fails to establish cause. Nor does he demonstrate a fundamental miscarriage of justice has occurred. Accordingly, as Canales does not overcome the procedural default, Ground Six is barred from federal habeas review.

It is therefore

**ORDERED** that Canales's third amended petition for writ of habeas corpus (Doc. 26) is **DENIED**. The Clerk is directed to enter judgment against Canales and to close this case.

### CERTIFICATE OF APPEALABILITY AND
### LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

It is **ORDERED** that Canales is not entitled to a certificate of appealability (COA). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Canales "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Canales has not made the requisite showing in these circumstances. Finally,

because Canales is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**ORDERED** at Tampa, Florida, on June 29, 2017.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Agustin Canales, Jr.
Counsel of Record